# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TYRON LOMAX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv–1008−MJR |
| | ) | |
| JOHN BALDWIN, | ) | |
| KAREN JAIMET, | ) | |
| CHRISTINE BROWN, | ) | |
| MARSHA HILL, and | ) | |
| VAUGHN | | |
| | | |
| Defendants. | | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Tyron Lomax, an inmate in Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks injunctive relief and damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

1

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff is disabled and uses a wheelchair. (Doc. 1, pp. 6-7). He alleges that he needs a hip replacement. (Doc. 1, p. 7). Plaintiff was transferred to Pinckneyville on April 3, 2018. (Doc. 1, p. 8). During the transfer, Plaintiff was dumped out of his wheelchair by a guard not named in this action. *Id*. Plaintiff was interviewed by Marsha Hill (sometimes identified as Jane Doe in the Complaint) and told her about the fall, the metal screws and plates in his hip, and that he needed a hip replacement. (Doc. 1, pp. 8-9). Plaintiff also told Hill that he was in chronic and substantial pain as a result of the fall. (Doc. 1, p. 9). Hill refused to send Plaintiff to the doctor or address his chronic pain or other medical issues. *Id*.

Plaintiff was assigned to a cell with another disabled inmate who uses diapers, catheters, and a urine bag. (Doc. 1, p. 9). Vaughn refuses to open Plaintiff's cell to allow Plaintiff or his cellmate to timely dispose of the used diapers and catheters, or allow an inmate worker in to clean regularly. *Id*. Vaughn also denies Plaintiff showers because Plaintiff cannot move to the cell door fast enough to get in line for showers. *Id*.

On April 10, 2018, Plaintiff fell in the shower and was injured because the chair in the shower was not ADA-compliant. *Id*. Brown, the ADA coordinator at Pinckneyville, failed to

2

make the shower ADA-complaint and provide an adequate shower chair. (Doc. 1, p. 10). The number of shower chairs at Pinckneyville is insufficient generally. *Id*.

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 3 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claims survive threshold review:

> **Count 1** – Hill was deliberately indifferent to Plaintiff's chronic pain in his hip, particularly after he was dumped out of his chair on April 3, 2018 in violation of the Eighth Amendment;
>
> **Count 2** – Vaughn was deliberately indifferent to the conditions of confinement in Plaintiff's cell when he refused to timely remove medical waste, refused to permit an inmate porter to clean the cell, and refused to allow Plaintiff more showers to compensate for his environment in violation of the Eighth Amendment;
>
> **Count 3** – Brown, Jaimet, and Baldwin violated the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA") when they refused to adequately supply adequate shower chairs at Pinckneyville prison.

As an initial matter, the Court considered whether severance was appropriate in this case pursuant to *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), due to the fact that Plaintiff's claims name different defendants and apply different standards of law. But, because all of Plaintiff's claims address whether the staff acted appropriately in light of Plaintiff's medical disabilities, the Court finds that they are transactionally related. The factual inquiries about what care and accommodations are necessary will overlap between the claims.

Plaintiff has alleged that Hill was deliberately indifferent to his serious medical need in **Count 1**. Prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). In order to state

a claim for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective element requires proof that the defendant knew of facts from which he could infer that a substantial risk of serious harm exists, and he must actually draw the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

"Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The Eight Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Here Plaintiff alleges that he suffered an acute injury when an unnamed guard dumped out of his chair during transport. As a result of the fall, Plaintiff experienced pain. Pain can be a serious medical need. Hill refused to treat Plaintiff's pain or address his chronic hip issues during intake. At the pleading states, Plaintiff has adequately alleged that he suffered from a serious medical need and that Hill was deliberately indifferent to that need. Therefore **Count 1** shall proceed against Hill.

**Count 2** employs a similar standard to **Count 1**. The Eighth Amendment can be violated by conditions of confinement in a prison when (1) there is a deprivation that is, from an objective standpoint, sufficiently serious that it results "in the denial of 'the minimal civilized measure of life's necessities,' " and (2) where prison officials are deliberately indifferent to this state of affairs. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). Prisons must have adequate ventilation, sanitation, bedding, and hygiene products. *Lewis v. Lane*, 816 F.2d 1165, 1171 (7th Cir. 1987).

Prison officials demonstrate deliberate indifference when they "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn . . . and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff has alleged that he is being subjected to inadequate hygiene practices. Specifically, he has alleged that he is made to store used catheters and diapers in his cell because he is housed with an inmate in need of those products and Vaughn refuses to timely remove them. He has also alleged that Vaughn does not permit the cell to be cleaned generally or permit Plaintiff to shower. Adequate facilities to wash are among the "minimal civilized measure of life's necessities." *Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 670 (7th Cir. 2012) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Plaintiff has therefore made a plausible allegation than Vaughn's conduct deprived him of his constitutional protections under the Eighth Amendment, and so Plaintiff's conditions of confinement claim will proceed against Vaughn.

**Count 3** raises a claim pursuant to the ADA, 42 U.S.C. §§ 12111-213, and the RA, 29 U.S.C. §§ 794-94e. The Supreme Court has held that the ADA applies to prisons. *Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998). The Court further held in *U.S. v. Georgia*, 546

U.S. 151 (2006), that an inmate may bring a private cause of action for damages pursuant to Title II of the ADA *if* the state actor's conduct also violates the Eighth Amendment. A plaintiff's inability to establish a constitutional violation forecloses an ADA private cause of action. *See Morris v. Kingston*, 368 F. App'x 686 (7th Cir. 2010).

However, the relief available to a plaintiff under the Rehabilitation Act is coextensive. *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 671–72 (7th Cir. 2012); *Compare* 29 U.S.C. § 794A *with* 42 U.S.C. § 12117 (both incorporating 42 U.S.C. § 2000e–5 for private right of action); *see Barnes v. Gorman,* 536 U.S. 181, 189 & n. 3, (2002). And, with respect to this lawsuit, the analysis governing each statute is the same except that the RA includes as an additional element the receipt of federal funds, which all states accept for their prisons. *See Cutter v. Wilkinson,* 544 U.S. 709, 716 n. 4,(2005); *Gratzl v. Office of Chief Judges,* 601 F.3d 674, 678 (7th Cir. 2010); *Foley v. City of Lafayette, Ind.,* 359 F.3d 925, 928 (7th Cir. 2004); *Ozlowski v. Henderson,* 237 F.3d 837, 842 (7th Cir. 2001). The RA, however, does not require the same sovereign immunity analysis or an underlying constitutional violation to accord relief. *Jaros*, 684 F.3d at 672. (citing *Duran v. Town of Cicero, Ill.,* 653 F.3d 632, 639 (7th Cir. 2011) (plaintiffs may have but one recovery); *Calero–Cerezo v. United States Dep't of Justice,* 355 F.3d 6, 11 n. 1 (1st Cir. 2004) (dismissal of ADA claim had no effect on scope of remedy because Rehabilitation Act claim remained)).

To state a claim under the ADA or RA, a plaintiff must allege that (1) he is a qualified person (2) with a disability and (3) the Department of Corrections denied him access to a program or activity because of his disability. *See* 29 U.S.C. § 705(2)(B); *Wis. Cmty. Serv. v. City of Milwaukee,* 465 F.3d 737, 746 (7th Cir. 2006); *Foley,* 359 F.3d at 928; *Grzan v. Charter Hosp. of Nw. Ind.,* 104 F.3d 116, 119 (7th Cir. 1997). Refusing to make reasonable

accommodations is tantamount to denying access; although the RA does not expressly require accommodation, "the Supreme Court has located a duty to accommodate in the statute generally." *Wis. Cmty. Serv.,* 465 F.3d at 747; *see also Alexander v. Choate,* 469 U.S. 287, 300–01(1985). Plaintiff must plead facts which plausibly support each element of his claim. *See Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *Arnett v. Webster,* 658 F.3d 742, 751–52 (7th Cir. 2011).

A disability is defined as a limitation of one or more major life activities, which include walking, standing, bending, and caring for oneself. 42 U.S.C. § 12102(2)(A). Plaintiff has alleged that he is unable to walk or stand without assistance and uses a wheelchair. This is an adequate allegation that Plaintiff is disabled. Furthermore, showers have been held to be a "program" under the statute, conferring a duty to accommodate. *Jaros*, 684 F.3d at 672; *Cassidy v. Ind. Dep't of Corr.*, 199 F.3d 374, 375 (7th Cir. 2000). As Plaintiff has alleged that he is disabled and that the prison has not accommodated him, his claim pursuant to the RA and the ADA will proceed against Baldwin, Jaimet, and Brown in their individual and official capacities.

## Pending Motions

Plaintiff's Motion for Appointment of Counsel and Motion for Preliminary Injunction will be referred to United States Magistrate Judge Stephen C. Williams for prompt disposition. (Doc. 3)(Doc. 4).

## Disposition

**IT IS HEREBY ORDERED** that Counts 1-3 survive against the defendants.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Baldwin, Jaimet, Brown, Hill, and Vaughn: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's

place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 10, 2018**

s/ MICHAEL J. REAGAN
**U.S. Chief District Judge**